UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    BRIEN HOLLIS,                                   Case No. 12-34827-dof
          Debtor.                                    Chapter 7 Proceeding
                                                   Hon. Daniel S. Opperman
_____/

MICHAEL A. MASON,

    Plaintiff,

v.                                                                Adversary Proceeding
                                                             Case No. 13-3338-dof

EDWARD MARTEL,

    Defendant.
_____/

EDWARD MARTEL,

    Counter-Claimant,

v.

MICHAEL A. MASON,

    Counter-Defendant.
_____/

Opinion Denying Plaintiff's Motion for Summary Judgment and
<u>Granting Defendant's Motion for Summary Judgment</u>

<u>Introduction</u>

    Michael A. Mason, the Chapter 7 Trustee for the Estate of Brien Hollis, seeks to avoid a purchase by the Defendant, Edward Martel, of a 1929 Ford Roadster and a 1951 Ford Two-Door from Brien Hollis. To do so, Michael Mason seeks an expansive interpretation of property of the bankruptcy estate pursuant to 11 U.S.C. § 541. The Court declines to interpret 11 U.S.C. § 541 as

1

broadly and therefore denies the Plaintiff's Motion for Summary Judgment and grants the Defendant's Motion for Summary Judgment for the reasons stated in this Opinion.

Facts

The Debtor, Brien Hollis, ("Debtor") is the son of Vernon Hollis and the brother of Lorena Barnes and James Hollis. Vernon Hollis executed a Will on March 13, 2003, that provides in pertinent part:

> **FOURTH**: I give, devise, and bequeath any interest I have in the home and real estate at 2038 Amy Street, Burton, Michigan 48519 to my daughter, **LORENA K. BARNES,** and my son, **BRIAN J. HOLLIS**, to share equally. This home is currently being sold on land contract to my son, James M. Hollis, and any balance owed on the contract at my death shall be given equally to Lorena K. Barnes and Brian J. Hollis.
>
> I bequeath the residue of my estate to my children, **BRIAN J. HOLLIS, JAMES M. HOLLIS, LORENA K. BARNES,** equally. If any of my children predeceases me, I leave their share to their surviving children equally.
>
> **FIFTH**: I hereby appoint **LORENA K. BARNES** as my Personal Representative of this **MY LAST WILL AND TESTAMENT,** and if she fails to survive me or is unable to act, then I hereby appoint my son, **BRIAN J. HOLLIS**, as Personal Representative of this **MY LAST WILL AND TESTAMENT**, and direct that letters testamentary be issued to either of them without bond.

Subsequently, Lorena Barnes was given a power-of-attorney by Vernon Hollis.

The Debtor filed a Chapter 7 bankruptcy petition with this Court on December 13, 2012, and the Plaintiff, Michael A. Mason, ("Plaintiff") was appointed the Chapter 7 Trustee for this estate. Vernon Hollis died on March 29, 2013. Prior to his death, Lorena Barnes, acting as power-of-attorney, transferred assets to herself and her father, Vernon Hollis, as joint tenants or, in some instances, solely to herself.

After the death of Vernon Hollis, no interested party opened a probate estate or initiated any probate court actions.

Lorena Barnes transferred the 1929 Ford Roadster and the 1951 Ford Two-Door to the Debtor on July 3, 2013. The Debtor signed a waiver and release and received the certificate of title for the two vehicles. Six days later, the Debtor sold the vehicles to the Defendant, Edward Martel, ("Defendant") for $13,500.00. During the sale negotiations, the Defendant was given only general information about the interests of Lorena Barnes and the Debtor, but no specific information. The Plaintiff learned of these transactions in August, 2013, and requested turnover of the vehicles shortly thereafter. The Court granted the Plaintiff's request and entered an Order directing the turnover of the vehicles on September 27, 2013. After learning that the vehicles had been subsequently sold, the Plaintiff initiated the instant adversary proceeding seeking the return of the vehicles. The Defendant responded and filed a Counter-Complaint asserting a lien against the vehicles in the amount of $21,500.00 for repairs and improvements made to the vehicles in the event that the Plaintiff was successful in his turnover action. Both parties filed Motions for Summary Judgment arguing that the issues before the Court are issues of law that can be decided accordingly. The Court heard oral arguments on May 28, 2014, and took this matter under advisement.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (E) (orders to turnover property of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, No. 12-1200 (U.S. June 9, 2014).

*See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Applicable Statute

11 U.S.C. § 541(a)(5) and (7) state:

>	(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
>	. . .
>
>		(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date —
>			(A) by bequest, devise, or inheritance;
>			(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>			(C) as a beneficiary of a life insurance policy or of a death benefit plan.
>
>	. . .
>
>		(7) Any interest in property that the estate acquires after the commencement of the case.

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp. 1223, 1227 (E.D. Mich. 1991).

Analysis

11 U.S.C. § 541 defines property of the estate to include interests held by the debtor or for the debtor. In particular, an interest that a debtor may receive after the bankruptcy petition is filed is specifically addressed in 11 U.S.C. § 541(a)(5). Property received by the debtor within 180 days of the bankruptcy petition by bequest, devise, or inheritance becomes property of the estate. The issue here is whether the Debtor received the two vehicles by bequest, devise, or inheritance.

Here, the Debtor received the two vehicles from Lorena Barnes in her individual capacity and not as an executor or personal representative of any decedent's estate. The Defendant did not receive a certificate of title from the Debtor, but per the undisputed facts he paid the Debtor $13,500.00. A certificate of title for the 1929 Ford Roadster was in the name of Lorena Barnes and transferred to the Defendant by her. The certificate of title for the 1951 Ford Two-Door was in the name of Vernon Lamar Hollis and Lorena K. Barnes with full rights of survivorship and likewise signed by her to the Defendant.[1]

Here, there is no evidence that the Debtor had an interest in either the 1929 Ford Roadster or the 1951 Ford Two-Door when he filed his petition. At best, he had an expectancy that his father

---

[1] The facts here suggest a classic jumping of title from Lorena Barnes to the Defendant, although some copies of the certificate of title contain a legend that the Debtor received the original title from Lorena Barnes on July 3, 2013. For the reasons stated in this Opinion, the Court's analysis of 11 U.S.C. § 541 is not altered by this action.

would bequeath the residue of his estate to him and his two siblings equally. For whatever reason, when Vernon Hollis died he did not have any residue to transfer to any of his children. If he had, then 11 U.S.C. § 541(c)(5) would apply. In this case, however, the transaction was not structured in a way to evidence that the Debtor received either vehicle by bequest, devise, or inheritance. The language of 11 U.S.C. § 541 is specific in that regard and the Court declines to read more into it than the language used by Congress.

To bolster his argument, the Plaintiff offers the affidavit and testimony of Lorena Barnes stating that the two vehicles were the Debtor's portion of his inheritance and that her father intended the Debtor to have these two vehicles. The transfer of the two vehicles from her father to her father and herself or to herself alone was merely an accommodation so that she could more easily disburse the vehicles after her father died. Also per Lorena Barnes' testimony, she held these vehicles for the benefit of her father and that she considered the vehicles his until he died.

While this all may be true, the form of the transactions states differently. First, each certificate of title placed title in either the name of Vernon Hollis and Lorena Barnes in regard to the 1951 Ford Two-Door and in the name of Lorena Barnes in regard to the 1929 Ford Roadster. Each certificate of title shows that the Defendant received the property from Lorena Barnes, and not the Debtor. Alternatively, if the Debtor did have title for either vehicle, he received that title from his sister, not from his father. Admittedly, the deposition testimony of the Defendant clearly places the Defendant on some notice that the cars in question were somehow owned by the Debtor and received by him from his father with Lorena Barnes as the intermediary. It is also clear that the Defendant knew that Lorena Barnes received some property from her father as well.

Regrettably for the Plaintiff, however, the definitions of the words "bequest, devise, or

6

13-03338-dof    Doc 55    Filed 07/02/14    Entered 07/02/14 11:37:14    Page 6 of 9

inheritance" do not describe the transaction in question. In particular, as stated by the Plaintiff and, for purposes of this Opinion, adopted by the Court, the words "bequest, devise, or inheritance" have the following meanings:

A devise under Michigan Law, MCL 700.1103(1)(c) as a noun is a "testamentary disposition of real or personal property" and as a verb means "to dispose of real or personal property by Will".

A bequest is not specifically defined by the Michigan Estates and Protected Individuals Code (EPIC); however, its general meaning and usage is consistent with *Black's Law Dictionary, Revised Fourth Edition*, definition found on page 202, i.e. "A gift by Will of personal property, a legacy".

An inheritance, similarly is not defined in EPIC; however, its general meaning and usage is again consistent with the definition found in *Black's Law Dictionary, Revised Fourth Edition*, page 922, i.e., "An estate in things real descending to the heirs - though inheritance in its restricted sense means something obtained through the laws of descent and distribution from an intestate, in its popular use it included property obtained by devise or descent."

While it is true that the two vehicles can be traced back to the Debtor's father, the immediate linkage is through the Debtor's sister, Lorena Barnes. 11 U.S.C. § 541(a)(5)(A) is simply not broad enough to include this kind of transaction.

11 U.S.C. § 541(a)(7) includes property that the estate acquires after the commencement of the case, but likewise does not include this type of transaction. Here, at best, from the Plaintiff's standpoint, the Debtor, not the estate, received these two vehicles. More formally, the Debtor's sister, Lorena Barnes, received the two vehicles and allowed the transfer of the vehicles to the Defendant.

While the Court finds that 11 U.S.C. § 541 does not include the type of transfers in this case,

7

13-03338-dof    Doc 55    Filed 07/02/14    Entered 07/02/14 11:37:14    Page 7 of 9

there is evidence that Lorena Barnes attempted to make these transfers part of her father's estate plan. Likewise, the Debtor signed the waiver and release on July 3, 2013, and perhaps this waiver and release invites the Court to focus more on the actions of Lorena Barnes to see if she acted properly.

The Plaintiff's argument is that the Debtor expected to receive at least a 1/2 interest in a residence, as well as 1/3 of the residue, all as detailed in the Will of Vernon Hollis. This did not happen because Lorena Barnes, through a power-of-attorney, transferred all of the property out of the name of Vernon Hollis to herself or, in some instances, herself and Vernon Hollis, with right of survivorship. The propriety of this action is suspect, especially given the apparent unilateral nature of it by Lorena Barnes and the possible benefits she would have received. While a strict reading of 11 U.S.C. § 541(a)(5) does not include the transactions here, the other subsections of that statute may well include actions by the Plaintiff against her.

While the complete picture of these transactions may lead one to believe that the Defendant should be compelled to turn over the vehicles as property of the estate, the statute itself does not dictate such a result as to the two vehicles. Other causes of action may exist in favor of the Plaintiff against the Debtor or Lorena Barnes, but since these actions are not before the Court, the Court need not address these matters. In this case, with these specific facts, the transfers of the two vehicles do not fit squarely within 11 U.S.C. § 541(a)(5).

Accordingly, the Plaintiff's Motion for Summary Judgment is denied and the Defendant's Motion for Summary Judgment is granted. Counsel for the Defendant is directed to prepare and submit an order consistent with this Opinion and consistent with the procedural rules of this Court.

cc:   Edward Martel

8

13-03338-dof    Doc 55    Filed 07/02/14    Entered 07/02/14 11:37:14    Page 8 of 9

**Signed on July 02, 2014**

                                                /s/ Daniel S. Opperman
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**